**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Deputy Public Defender
Leonard Hammond Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES A. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A04-1107-CR-376 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No.  02D05-1103-FB-65

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

Charles A. Jones appeals his sentence for class B felony attempted criminal confinement.

We affirm.

ISSUE

Whether Jones's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

FACTS

On March 23, 2011, shortly after midnight, a man, later identified as Jones, approached Nicole Ramsey in a grocery store parking lot as she got out of her car. Ramsey recognized Jones as someone whom she had previously seen at a bar. After a brief conversation about mutual acquaintances, Jones asked Ramsey for a ride. Ramsey told Jones that she could not drive him because she needed to get groceries and get home to her children. Jones then pulled a knife on Ramsey, pushed it against her side, demanded a ride, and told her not to scream for help. Ramsey refused to get back into her car, and Jones threatened to "gut" Ramsey and told her that she would not see her children again if she did not do as he said. (Tr. 50). A van then pulled into the parking lot, and Ramsey started yelling for help. Melissa Johnson got out of the van and asked Ramsey if she was okay. Jones acted as if he and Ramsey were a boyfriend and girlfriend having a spat, but Ramsey, who looked "terrified," said she needed help because Jones had a knife. (Tr. 66). Johnson went into the store to call the police, and

2

Jones fled the scene. The police later arrested Jones after Ramsey provided Jones's name to police and positively identified Jones from a photo array.

The State charged Jones with class B felony attempted criminal confinement. Jones filed a notice of alibi. The trial court held a jury trial in June 2011, and the jury found Jones guilty as charged.

During the sentencing hearing, the prosecutor informed the trial court that Jones was on parole from his convictions of rape and criminal confinement at the time of this offense and introduced the probable cause affidavit from those convictions to highlight the similarity of the nature of his prior offenses for which he was on parole with the current offense. The trial court found Jones's mental health history to be a mitigating circumstance. The trial court found the following aggravating circumstances: Jones's "extensive" criminal history, (tr. 16), which included eight juvenile adjudications and subsequent juvenile probation violations as well as two adult felony convictions for rape and criminal confinement; his failed efforts at rehabilitation; and the fact that Jones was on parole at the time he committed this offense. The trial court then sentenced Jones to the maximum term of twenty years and recommended that he receive mental health treatment while incarcerated.

## DECISION

Jones argues that his twenty-year sentence was inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

3

The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The sentencing range for a class B felony is between six and twenty years, with the advisory sentence being ten years. I.C. § 35-50-2-5. The trial court sentenced Jones to the maximum term of twenty years and recommended that he receive mental health treatment while incarcerated.

Regarding Jones's offense, the record reveals that Jones approached Ramsey in a grocery store parking lot late at night, claiming he wanted a ride. When she refused, he pulled out a knife, pushed it against her, and told her not to scream for help. He also threatened to "gut" Ramsey and threatened that she would not see her children again if she did not comply. (Tr. 50). When a van pulled into the parking lot and Ramsey started to scream for help, Jones tried to divert attention by pretending that he and Ramsey were just a quarrelling couple. Once Ramsey told the van's driver that Jones was threatening her with a knife, Jones fled the scene.

The nature of Jones's offense is further exacerbated by the fact that he committed this offense after a mere six months on parole from his convictions for rape and criminal confinement and that these prior convictions were similar in nature to the present offense. The probable cause affidavit introduced during sentencing showed that, in 1999, Jones approached a woman in a parking lot in the early morning hours, threatened her with a knife, forced her into her car, had her drive to another location, and raped her. The trial court noted that the nature of Jones's current attempted criminal confinement offense was "striking[ly]" similar to his 1999 rape and criminal confinement offenses. (Sentencing Tr. 17).

As to Jones's character, the trial court found that he had a history of mental health issues[1] but stated that Jones's continued criminal activity was not attributable to his mental health condition. Indeed, Jones has criminal history that includes eight juvenile adjudications and two felony convictions that he amassed between the ages of sixteen to eighteen years old. In November 1997, when he was sixteen years old, Jones was adjudicated a delinquent for battery, domestic battery, residential entry, public intoxication, and possession of alcohol by a minor. He was initially placed on electronic monitoring but later placed in a juvenile facility after he violated his probation. Within a few months of his commitment to the juvenile facility, he was again adjudicated a delinquent for public intoxication and possession of alcohol by a minor.

---

[1] The presentence investigation report ("PSI") indicates that Jones reported that he was diagnosed with Attention Deficit Disorder at age eight and Manic Depression at age thirteen. Jones also stated that he was diagnosed with Post Traumatic Stress Disorder, Bipolar Disorder, Depression, Multi-Personality Disorder, and Schizophrenia while in the Department of Correction.

When Jones was eighteen years old, he was convicted of rape and criminal confinement and received a thirty-year sentence. After serving a little over ten years in Department of Correction, Jones was released on parole. Within six months of his release, he committed the current offense. Additionally, the PSI indicates that Jones admitted to the daily use of alcohol and marijuana since the age of thirteen. Jones acknowledges that he has an extensive criminal history but suggests that he was not the worst of the worst offenders because six of his juvenile adjudications were committed on the same date as were his felony rape and criminal confinement convictions. We reject Jones's proposition that his character should be reviewed in relation to the number of days that he committed crimes without regard to the number and type of crimes committed. To be sure, Jones's history of criminal activity, probation and parole violations, and admitted illegal drug use reflect poorly on his character and indicate nothing but a disregard for the law.

Jones has not persuaded us that that his twenty-year sentence is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

BAKER, J., and BAILEY, J., concur.